SAMUEL FOSTER v. JAMES MALONE ET AL.

*Foreclosure—Decree stands if defendants do not appeal.*

A decree in foreclosure cannot be changed in favor of the defendants when they have not appealed.

Appeal from Kalamazoo. Submitted January 4. Decided January 12.

FORECLOSURE. Complainant appeals. Affirmed.

*Dallas Boudeman* for complainant.

*O. W. Powers* for defendants.

CAMPBELL, J. The bill in this cause was filed to foreclose a mortgage made in October, 1865, for $600, with interest at ten per cent, payable in three notes of $200 each at 3, 4 and 5 years from date. It has been assumed that the interest was due annually. There may be some doubt about this, but we take the case as the parties have treated it. The mortgage was for part of the purchase money of the land. The remaining sum of $400 was secured by a personal note with sureties, payable in 2 years with interest at 7 per cent. Payments were made from time to time amounting to about $1500, apart from the payments of over four hundred dollars more made by the sureties and by Malone, which were claimed as made on the $400 note.

In September, 1867, before any principal was due on any of this paper, a payment was made of $500, concerning the application of which the parties are directly at variance. Aside from this we are not satisfied from the evidence that any specific agreement was made as to the application of payments. If Malone is correct there was nothing on which to apply them but the mortgage. On several occasions Foster procured from Malone promissory notes, which make no reference to the mortgage or original notes, and which are

claimed to include nothing more than interest at ten per cent on unpaid interest and additional bonuses beyond that. Some of these were secured by chattel mortgages.

In the view we take of the case we are not disposed to examine into the character of these documents. We are somewhat impressed with the idea that they are not only largely if not entirely usurious, but that there are other reasons for doubting their legal quality. But as none of them purport on their face to be at all connected with the securities in process of foreclosure, the parties have not attempted to charge the land with their payment, and whether they are good or bad is not important in this litigation.

The circuit judge in deciding the cause accepted Foster's theory concerning the application of the $500 payment, and also allowed interest on interest in making his computation. He made the balance by this computation amount to $203.96. Complainant has appealed. and claims a much larger sum. On examining the record, which is very blind and unsatisfactory on the theory of accounting, we have not been able, in our own view of the facts, to discover satisfactory grounds for any decree whatever. Of course, as defendants have not appealed, the decree cannot be changed in their favor. Without going at large into the facts, we think that on any theory of applying the payments which leaves out the usurious notes, Malone had paid enough to extinguish the lien on the land. We forbear referring at length to the oppressive and practically fraudulent conduct of Foster in taking advantage of Malone's ignorance and timidity to extort advantages from him. We are satisfied that applying the various payments as Malone meant them to be applied, and as they would have been applied by endorsement if his business ignorance and undue confidence had not prevented, the mortgage would have been paid up. Our own computation leads us to that conclusion.

In the absolute contradiction of witnesses, we do not propose to point out the reasons for crediting this or that. piece of testimony. Upon a large portion of the facts there is not much room for doubt.

The circuit court required each party to pay his own costs. We do not think this works any practical injustice. The decree must be affirmed with costs of this court in favor of defendants.

The other Justices concurred.